UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ERIN V.,<br><br>                    Plaintiff,<br><br>          v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>                    Defendant. | Case No. C21-5366 RAJ<br><br>**ORDER REVERSING AND REMANDING DENIAL OF BENEFITS** |

Plaintiff seeks review of the denial of her application for disability insurance benefits.  Plaintiff contends the ALJ erred by rejecting her symptom testimony.  Dkt. 11, p. 1.  As discussed below, the Court **REVERSES** the Commissioner's final decision and **REMANDS** the matter for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

## BACKGROUND

Plaintiff is 44 years old, has at least a high school education, and has worked as a bookkeeper, employment interviewer, sales manager, and human resource adviser. Admin. Record ("AR") (Dkt. 9) 29, 56.  In June 2017, Plaintiff applied for benefits, alleging disability as of January 19, 2016.  AR 15, 227–28.  Plaintiff later alleged a

closed period of disability from January 19, 2016, to July 5, 2017.  AR 42.  Plaintiff's

applications were denied initially and on reconsideration.  AR 62–75, 77–93.

ALJ Cynthia D. Rosa conducted a hearing on July 29, 2020, after which she issued

a decision finding Plaintiff not disabled.  AR 15–31, 37–60.  In relevant part, the ALJ

found Plaintiff had severe impairments of posttraumatic stress disorder, bipolar disorder

with depression, anxiety, asthma, Ehlers-Danlos Syndrome, and fibromyalgia.  AR 18.

The ALJ found Plaintiff had the residual functional capacity to perform light work with

additional postural, cognitive, adaptive, and environmental limitations.  AR 21.  Because

the ALJ found Plaintiff was not disabled, she denied Plaintiff's request for a closed

period.  AR 15.

The Appeals Council denied Plaintiff's request for review, making the ALJ's

decision the Commissioner's final decision.  AR 1–3.

## DISCUSSION

The Court may set aside the Commissioner's denial of Social Security benefits

only if the ALJ's decision is based on legal error or not supported by substantial evidence

in the record as a whole.  *Ford v. Saul*, 950 F.3d 1141, 1153–54 (9th Cir. 2020).

### A.      Plaintiff's Testimony

Plaintiff contends the ALJ erred by rejecting her testimony.  Dkt. 11, pp. 2–7.

Plaintiff testified she had a mental health impairment that lasted from January 2016 until

July 2017, when she improved with medication and therapy.  AR 49.  Plaintiff testified

she had problems using her limbs and body, including a one-day hospitalization for neck-

down paralysis.  AR 49, 51, 291, 329.  She testified she had a mental breakdown in October 2016 that involved hallucinations.  AR 49.  She testified she had agoraphobia, including a fear of her surroundings, and fear of leaving her house on most days.  AR 50, 286, 324.

The Ninth Circuit has "established a two-step analysis for determining the extent to which a claimant's symptom testimony must be credited."  *Trevizo v. Berryhill*, 871 F.3d 664, 678 (9th Cir. 2017).  The ALJ must first determine whether the claimant has presented objective medical evidence of an impairment that "could reasonably be expected to produce the pain or other symptoms alleged."  *Garrison v. Colvin*, 759 F.3d 995, 1014–15 (9th Cir. 2014).  At this stage, the claimant need only show the impairment could reasonably have caused some degree of the symptoms; she does not have to show the impairment could reasonably be expected to cause the severity of symptoms alleged. *Id.*  The ALJ found Plaintiff met this step.  AR 22.

If the claimant satisfies the first step, and there is no evidence of malingering, the ALJ may only reject the claimant's testimony "by offering specific, clear and convincing reasons for doing so.  This is not an easy requirement to meet."  *Garrison*, 759 F.3d at 1014–15.

The ALJ erred in rejecting Plaintiff's testimony regarding the severity of her symptoms during the alleged closed disability period.  An ALJ must evaluate the medical and other evidence "with an understanding of the patient's overall well-being and the nature of her symptoms."  *Attmore v. Colvin*, 827 F.3d 872, 877 (9th Cir. 2016).  The

ALJ failed to do so.  In particular, the ALJ attempted to separate the medical evidence as it related to Plaintiff's physical limitations and her mental limitations.  But Plaintiff alleged, and several medical providers indicated, that Plaintiff had physical limitations that were due to a psychological disorder.  *See, e.g.*, AR 49, 377, 759.  By separating the two, the ALJ failed to properly contextualize Plaintiff's medical condition and evaluate the entirety of her treatment during the alleged closed period of disability.

Turning to the specifics of the ALJ's decision, the ALJ erred by rejecting Plaintiff's testimony as inconsistent with the overall medical evidence.  Looking first at Plaintiff's physical impairments, the ALJ summarized the record and identified findings such as normal strength and sensation to contradict Plaintiff's testimony.  AR 23–24.  The medical record documented multiple instances of abnormal functioning, however, such as sudden onset upper and lower extremity weakness, and antalgic gait.  *See, e.g.*, AR 371, 423, 542, 568–70.  The ALJ's analysis here failed to address Plaintiff's overall condition, and thus did not supply a valid reason to reject Plaintiff's testimony.

The ALJ made similar errors when addressing the medical evidence as it related to Plaintiff's mental impairments.  The ALJ noted, for example, that Plaintiff typically had normal cognitive functioning on examination.  AR 26.  The medical evidence makes clear, however, that Plaintiff's primary issue was with severe depression and anxiety, which led to several hospitalizations and episodes of extreme paranoia or psychosis.  *See, e.g.*, AR 591–94, 601–03, 623–30.  The ALJ's finding that normal cognitive functioning meant Plaintiff could perform simple tasks failed to address whether Plaintiff could

perform such tasks on a sustained basis necessary to maintain competitive employment. In short, the ALJ's finding failed to consider Plaintiff's overall condition.

The ALJ also erred by finding Plaintiff had periods where she failed to seek or follow through with certain treatment.  The ALJ found Plaintiff received no significant mental health treatment from her alleged onset date until a hospitalization in October 2016 due to a psychiatric issue.  AR 26.  Although there is some support for the ALJ's determination that Plaintiff did not receive treatment explicitly addressing posttraumatic stress disorder or depression during this time, Plaintiff was receiving treatment for the physical manifestations of what was allegedly a psychological disorder.  *See, e.g.*, AR 369–91.  The ALJ's failure to adequately address the interplay between Plaintiff's physical and mental impairments deprives her reasoning here of substantial evidentiary support.

The ALJ found Plaintiff made inconsistent statements about her impairments, but the record does not support this finding.  The ALJ stated Plaintiff reported having paralysis spells since she was 19 to 21 years old, and found this inconsistent with an earlier report that Plaintiff had only six episodes of weakness in the past.  AR 24.  There is no inconsistency here, as Plaintiff, who was 38 on the alleged disability onset date, did not state the frequency with which she had the paralysis spells when reporting the age at which they began.  AR 576.  In another instance, the ALJ found Plaintiff reported only left-sided weakness to one provider, but bilateral weakness to another provider.  AR 24.  The records to which the ALJ cited do not show such a clear distinction here, though, as

Plaintiff reported bilateral lower extremity weakness to each provider.  AR 569, 582, 763.

The ALJ erred in rejecting Plaintiff's testimony based on improvement in early 2017.  *See* AR 24–26.  First, as the ALJ acknowledged, Plaintiff's symptoms waxed and waned.  *See* AR 26.  "[I]t is error to reject a claimant's testimony merely because symptoms wax and wane in the course of treatment."  *Garrison*, 759 F.3d at 1017.  Although Plaintiff reported some improvement in early 2017, she was also hospitalized twice with severe psychological symptoms including suicidal ideation and paranoia.  *See* AR 601–03, 623–30.  Second, this improvement was more relevant to when Plaintiff's alleged disability ended than to whether she was ever disabled.  *See Smith v. Kijakazi*, 14 F.4th 1108, 1112–14 (9th Cir. 2021).  Plaintiff alleged disability beginning in January 2016, and the ALJ cited to improvement generally starting around March to April 2017.  *See* AR 15, 24, 26.  The ALJ erred by rejecting all of Plaintiff's testimony based on a finding of improvement primarily in early 2017.

The ALJ last erred by rejecting Plaintiff's testimony as inconsistent with her daily activities.  The ALJ first reasoned Plaintiff's "reported limitations in activities of daily living cannot be objectively verified with any reasonable degree of certainty."  AR 27.  This is neither a clear nor convincing reason to reject Plaintiff's symptom testimony.  *See Neely v. Berryhill*, No. No. C17-6073JLR, 2018 WL 4237777, at *3 (W.D. Wash. Sept. 6, 2018) (holding ALJ erred in rejecting claimant's testimony based on the reasoning that her allegedly limited daily activities could not be "objectively verified" with any reasonably degree of certainty).  A claimant's testimony about her daily activities will

rarely be "objectively" verifiable, and such a blanket statement is not convincing as to why this particular claimant's testimony should be rejected.

The ALJ next erroneously reasoned Plaintiff's testimony was inconsistent with her ability to relocate from Tennessee to Oregon, travel out of state, and consider starting a blog during the alleged disability period. These activities do not contradict Plaintiff's claims, particularly when considered in context. Plaintiff reported moving to have access to medical marijuana to treat her symptoms. *See* AR 644. She traveled out of state to visit her dying father. *See* AR 609. And thinking about starting a blog does not contradict claims of episodic paralysis and agoraphobia. *See* AR 653. The ALJ unreasonably interpreted the evidence in rejecting Plaintiff's testimony based on these activities.

The ALJ cited other activities that were more persuasive in contradicting Plaintiff's testimony, but those activities occurred in 2017. *See* AR 28. As discussed above, this evidence was relevant to when Plaintiff's alleged disability period ended, but did not contradict her testimony as to the severity of her symptoms during the earlier period of alleged disability.

**B.    Scope of Remand**

Plaintiff asks the Court to remand this matter for an award of benefits. Dkt. 11, p. 7. Except in rare circumstances, the appropriate remedy for an erroneous denial of benefits is remand for further proceedings. *See Leon v. Berryhill*, 880 F.3d 1041, 1043 (9th Cir. 2017) (citing *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1100 (9th

Cir. 2014)).  Plaintiff has not shown any rare circumstances.  Plaintiff alleges her hospitalizations would have precluded employment, but questions remain as to whether and for how long Plaintiff qualified as disabled.  Moreover, the vocational expert testimony is ambiguous as to whether such health-related work absences would result in termination from employment.  The Court will remand for further administrative proceedings.

On remand, the ALJ shall reevaluate Plaintiff's testimony.  The ALJ shall reassess Plaintiff's RFC, and all relevant steps of the disability evaluation process.  The ALJ shall conduct all further proceedings necessary to reevaluate the disability determination in light of this opinion.

## CONCLUSION

For the foregoing reasons, the Commissioner's final decision is **REVERSED** and this case is **REMANDED** for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

DATED this 20th day of  January, 2022.

The Honorable Richard A. Jones
United States District Judge